Fourth case this morning, Long v. United States Mr. Henderson. Good morning your honors. May it please the court. I'm Peter Henderson. I'm here on behalf of and the proceedings below were improperly terminated early. The district court found that based on a waiver of his right to collateral attack that he had agreed to in a plea agreement, that that obviated any claims of ineffective assistance of counsel, even ineffective assistance of counsel, that led to the plea agreement that now is preventing him from raising the claim. That is claims of ineffective assistance of counsel that lead to a plea cannot be waived by a waiver within the plea itself. I think this case is on all fours with the Hurlow case that we've relied on heavily in our brief. There are a lot of parallels. This, again, what Mr. Long has alleged and we accept is true at this stage, is that he told his attorney that he thought he was subject to an illegal search and seizure. His attorney ignored him and said, promising him, if you just plead guilty you'll get a certain sentence. And so, depending on that advice, he entered into this plea agreement that contained the waiver. And when his attorney's predictions about the sentence were proved wrong, he brought this 2255 claim. Those are the facts in Hurlow. That's the facts in this case. I think the important thing at this stage is that we remand this case to the district court just for further proceedings. The government wasn't even invited to respond to the initial petition. We have a very limited record. If there are factual disputes that are unclear in this record, both the government and Mr. Long should have the ability to clarify those. So, just as in Hurlow, we would propose that the court remand this without commenting on the merits. At this stage, there has been no merits determination. All we have is an erroneous conclusion of law by the district court that this collateral attack waiver applies. What ineffective assistance claims is Long pressing in the appeal? I know it's the Stevens's failure to file a Fourth Amendment motion to suppress. I'm not sure I saw any others that were raised on appeal. Well, I do think that the collateral attack waiver gets rid of a lot of the others because they're sentencing errors. And if the waiver doesn't get them, then his admissions at the Rule 11 colloquy would get rid of them. So, yes, at this point, all we're in both failing to file a motion to suppress and in failing to adequately investigate the case. This is a case that turns on the facts. If you believe the facts that are in the police officer's report, for example, there's probably no Fourth Amendment violation. What Mr. Long has done in this 2255 petition, as he said, those aren't the facts. That sort of search and seizure was not what occurred here. I told my lawyer what the facts were and he ignored me. So, we don't have any corroborating evidence in terms of other than what the police officer said and what Mr. Long said. So, it's both the motion to suppress and the failure to investigate that's at issue. But the important thing at this point in the proceedings is that deficient advice and the failure to act reasonably to investigate Mr. Long's version of events cannot be waived by a plea agreement that was recommended by the very attorney who failed to do that initial step. Wasn't that, let's say I agree with you on that, wasn't all made right when, with the assistance of the second attorney, Rehak, Long decided to go forward to withdraw his motion, withdraw his guilty plea, and just go forward with the sentencing? I don't think so. There are a couple reasons behind that. One is we're essentially talking about the prejudice prong here, is assuming there was deficient performance, there's no prejudice because he could have withdrawn his guilty plea. The first thing is he would have had to still show a good reason for withdrawing it. The district court was open to the motion to withdraw the plea, but hadn't indicated I will actually grant that motion. And if I had been that second attorney, I think the only competent advice I could have given him was the advice that Rehak gave him, which was if you proceed on this, you can lose the motion, you can lose your acceptance of responsibility, you can now face a sentence that's much higher than you were even thinking, and you still have the appeal and the collateral attack waiver. So I think that his decision to heed that advice, the prejudice has already happened. Once you've pled guilty, if you then try to withdraw it, there's a lot more on the line as opposed to if you hadn't pled guilty in the first place and could have just litigated the motion to suppress. So if the attorney came in before any guilty plea had been entered in the first place, I think that yes, that's a stronger case to say, even with the second attorney, he decided not to file a motion. But that guilty plea is a significant step in a criminal case, and there are a lot of collateral consequences that can prejudice Mr. Leung even further if he continues to try to withdraw that plea at that point. So I think he... Again, Rehak gave very competent advice in that regard, and Mr. Leung should reserve this issue for a 2255 instead of being forced into that posture. So what you're saying is the eggs were already broken by the time Rehak got involved. Exactly, exactly. And he could have done much worse if he had gone down that path because of what had already happened with the guilty plea. So unless the court has further questions, I think Herlow dictates the result here, but I'll save the remainder of my time for about... Thank you. Mr. Whelan. Thank you, Your Honors. Good morning. May it please the court. My name is Nathaniel Whelan, and I'm here on behalf of the United States. Your Honors, Herlow does not dictate the results of this case, and the key difference is in Herlow, the defendant pled facts that if true, would have resulted in a viable motion to suppress. In Herlow, the defendant said, essentially, here are the facts that happened, and if those facts had proven true, suppression would have resulted in pursuant to Georgia v. Randolph. We have an entirely different case here. We have a defendant who's made a legal conclusion, my search and seizure, alleged search and seizure, was unconstitutional. He hasn't pled any facts that would support the search and seizure being unconstitutional. He hasn't said, I was awake. There's no evidence in this record that he ever told Stevens he was awake. To the contrary, all the evidence is that he admitted he was asleep. But maybe if the district judge had allowed the record to get developed, those facts could have been introduced into the record. And they could have, Your Honor, but that would have been in direct contradiction to what he said during his change of plea colloquy. He admitted during the change of plea colloquy, the government could prove that he was asleep in the car. So, had he filed an affidavit in his 2255 saying, no, I was actually awake, or I told my attorney I was awake, that would have contradicted his change of plea colloquy. And this court has been able to reject any 2255 that requires a finding of perjury, essentially, out of hand. And so, the way that Long tries to get around that distinction, just... Sorry, go back for one second. We're not just talking about the change of plea colloquy, though. We're talking about the arrest report says he's asleep. Change of plea colloquy, he admits the government could prove he's asleep. Uncontested PSR says he's asleep. Nowhere in his 2255 does he say, I was awake, or I told my counsel I was awake. And even on appeal, he still doesn't actually say, I told my counsel was awake. He disputes... The way he gets around it is he disputes and tries to draw a distinction between the government could prove I was asleep and I was asleep. I'm unaware of any case that draws that distinction, but it also calls into question what he was admitting to under oath. If he wasn't actually asleep, he should have said during that change of plea colloquy, no, the government can't prove that because I was awake. The court, I'm sure, has seen numerous colloquies where a defendant disputes that, a fact that the government offers up that it could prove. And so, the second way he tries to get around that is by saying, well, it was actually an irrelevant detail, and so the court shouldn't hold him to his under oath affirmations. There's no distinction between an irrelevant and relevant detail when a defendant's under oath and subject to perjury. Everything they say during the change of plea colloquy, this court is supposed to be able to rely upon, not just whether it goes to an element, not whether it goes to what he later construes as an irrelevant detail. I'm trying to frame your argument, or understand the frame of your argument. Is it that Long waived his ability to make these arguments in his plea, or is it that, waiver or not, Long's arguments are meritless? Sure. Our position is that the waiver does bar this particular claim, and that's because Herlow says that, yes, certain claims of ineffective assistance are enough to bypass the waiver. But what Herlow also says is, you have to present a potentially meritorious claim. The language of Herlow is that, you have to allege facts that would have been successful in the suppression motion, or facts that indicated that the search violated the Constitution. Those are the type of ineffective assistance claims, when it relates to a motion to suppress, that can bypass the waiver. We don't have that here, because we don't have a single fact that could have resulted in suppression. And Mr. Long acknowledges that, by not disputing the four different reasons we put in our brief, that any motion to suppress, based on the fact that he's asleep at the drive-thru, would have been frivolous. So you're saying that, whether or not there was a waiver, depends on the strength of the argument that might have been waived? There certainly was a waiver. Whether or not the waiver bars the claim, depends on whether the petitioner has alleged facts that could have resulted in a meritorious claim. So what this court said in Herlow is, certain claims of ineffective assistance are enough to bypass the waiver, but it's not just every claim. If that were the case, anytime a defendant was subject to a waiver, he would say, he or she would say, my counsel was ineffective, and that would be enough to bypass the waiver. And that's not what this court said in Herlow. The court said that you have to show something. You have to allege facts that would have resulted in a potentially meritorious claim. And Mr. Long hasn't actually alleged any facts that could have resulted in a potentially meritorious claim. His claim is that Stevens was ineffective for not filing the motion to suppress, but there's no evidence or no allegations as to how that motion to suppress would have been non frivolous. And so without that, there's no viable ineffective assistance claim. And again, were the mere allegation that my counsel was ineffective, I told them to file a motion to suppress without any facts supporting that enough, these waivers would be meaningless. You gotta show some way that that motion to suppress could have succeeded, and the counsel was ineffective for not filing that. And that's what distinguishes this case from Herlow. The other distinction... Do you have to show that you have a winning argument? No, no, no. You have to show that the facts that you allege could have resulted in suppression. The distinction between Herlow and this case is that Herlow, he alleges facts that could have resulted in suppression under George B. Randolph. Here, Mr. Long has alleged a legal theory, my seizure violated the Fourth Amendment. He doesn't give us any facts to explain how it violated the Fourth Amendment. He does dispute... Just if I can address one point... He does give facts. He's giving facts now. You just think that those facts are bogus, but in light of what he said during his plea colloquy, but he is giving facts. Respectfully, Your Honor, he's not giving any facts. He doesn't say that he was awake. He doesn't say, I told Stevens I was awake. He doesn't dispute that he was asleep. There's not a single place in this record where he says, I was awake, or I told Stevens I was awake. And I think that's the linchpin to his argument. He's conceded, more or less, that if he were asleep, he can't prevail on a motion to suppress. His argument is that, well, I didn't admit I was asleep, but there's no evidence that he ever told Stevens I was awake. And then to get to the prejudice point that Judge Feinerman raised, he's alleged, matter of factly, had Stevens filed a motion to suppress, he would have gone forward with it and went to trial. But that's belied by the record, and as Your Honor pointed out, he did have the motion to suppress teed up. There was gonna be a hearing on the motion to withdraw, and one of the sub issues of that is whether he had a potentially meritorious motion to suppress claim. Rather than go forward with that hearing with Rehock, his second counsel, he says, Nope, I'd rather go forward with the plea. So he had the second bite at the hand, and he chose not to pursue it. Unless this court has any further questions, we'd ask that you affirm the district court's decision. Thank you, counsel. Thank you. Mr. Anderson. How much time? You have three minutes. Thank you, Your Honor. Let me address the change of plea transcript first, because there is a difference between saying something under oath that is material and agreeing that the government could present evidence to prove something. The government says when you're under oath, there's nothing that is irrelevant, but of course, perjury does require materiality. But what Mr. Long says in the plea transcript is, I was driving in Mishawaka. I was driving and I had a gun with me. I was driving, I was driving. The police officer's version of events is different. But of course, the elements of this offense doesn't matter if you're driving with a gun, doesn't matter if you're parked with a gun, doesn't matter if you're asleep next to a gun. So those were irrelevant details, and the perjury sort of argument, I think, is a not entirely accurate reflection of what happened at the plea. Mr. Long did essentially allege facts that, if proven, would result in a successful suppression of the evidence. What he said was, I was subject to an illegal Terry stop. There was no reasonable suspicion. Everybody agrees there was no reasonable suspicion. And so that would be a meritorious motion to suppress. Implicit in that was, I was not asleep, I wasn't causing reasonable suspicion, I wasn't giving police any cause to stop me or to question me or to try to figure out what was going on. He is a pro se pleader, and this is why I think procedure is very important. This was improperly terminated in the district court. If he had a chance to make what maybe an attorney would plead, there is a viable motion to suppress here that should have been filed. So I would ask... He did concede that the government could prove his case, right? The elements of section 922G, sure, that he was a felon and he possessed a firearm. And he conceded that what the evidence that the government would present to a jury supports his guilt. But what frequently happens in these plea colloquies is there's a factual basis, because that's required by the Constitution, I think, certainly Rule 11. And the defendant says, I agree that factual basis could be proven at trial. I'm not gonna risk acceptance or responsibility, I'm not gonna risk all of that. I agree the government would bring in a witness who would say that. But that's not an affirmative sort of adoption of that rule. Yeah, but I mean, when you take a plea and the defendant admits that, yes, I agree with what the government alleges, what more is there to say? I mean, that... Well, right. And the question is whether he received a Sixth Amendment right to the effect of assistant of counsel. He shouldn't have... In accepting his version of events as true, he shouldn't have taken that plea at all. He should have moved to suppress the gun. Without the gun, the government can't prove his case beyond a reasonable doubt. So there is a plausible case here we'd ask for remand for further proceedings. Thank you. Thank you, counsel. Thanks to both counsel. The case will be taken under advisement.